# United States Bankruptcy Court
## Central District of California
### Riverside
### Judge Peter Carroll, Presiding
### Courtroom 304 Calendar

Thursday, July 16, 2009      Hearing Room 304

---

1:30 pm

6:09-22233    Mark A Chavarria and Lydia M Chavarria      Chapter 13

#74.00    Hrg. on Debtors' Motion filed 6/29/09 for order to avoid lien of second trust deed holder HSBC Mortgage SVCS

     EH_____

         Docket #: 10

**Matter Notes:**

( ) **Granted**      (X) **Denied**

(X) Tentative / Final Ruling is Final Order of the Court

( ) Based on findings of fact and conclusions of law made on the record

( ) **Stipulation** by the parties with respect to relief sought to be filed with the court within 7 days

( ) **Continuance** - Hearing on the motion is continued to _____ at _____ a.m./p.m.

( ) **Off Calendar**

( ) **Other**

**Courtroom Deputy:**
- NONE LISTED -

**Tentative Ruling:**
     None.

     **Final Ruling**. This valuation motion will be denied without prejudice.

---

# United States Bankruptcy Court
# Central District of California

Riverside

Judge Peter Carroll, Presiding

Courtroom 304 Calendar

Thursday, July 16, 2009             Hearing Room 304

**1:30 pm**

**Cont....**     **Mark A Chavarria and Lydia M Chavarria**           **Chapter 13**

A motion is a contested matter which must be served "in the manner provided for service of a summons and complaint by Rule 7004." FRBP 9014(b). HSBC Mortgage Services was not served in accordance with FRBP 7004(b)(3) and 9014(b).

Service of the motion did not comply with FRBP 7004(b)(3) and 9014(b). The motion and notice of hearing must be served to the attention of an officer, a managing or general agent, or other agent authorized by appointment or law to receive service of process for the respondent creditor. The motion was simply sent to the corporation. *See, e.g.*, Beneficial California, Inc. v. Villar (In re Villar), 317 B.R. 88, 94-95 (9th Cir. BAP 2004) ("Only if the notice is 'directed to a corporation and the attention of an officer or agent as identified in Rule 7004(b)(3),' can it be considered to have been received by a person who is charged with responding to the service."); ECMC v. Repp (In re Repp), 307 B.R. 144, 152 (9th Cir. BAP 2004) ("Unlike Rule 7004's service requirement for adversary proceedings, the Rule 2002(b) notice requirement regarding chapter 13 plans need only be mailed to nobody-in-particular at the address provided by the debtor . . . , unless the creditor has designated a mailing address in a filed proof of claim or request for notice.").

### Party Information

**Debtor(s):**

Mark A Chavarria                      Represented By

                                       Christian M Dillon

**Joint Debtor(s):**

Lydia M Chavarria                     Represented By

                                       Christian M Dillon

**Movant(s):**

Lydia M Chavarria                     Represented By

                                       Christian M Dillon

Mark A Chavarria                      Represented By

                                       Christian M Dillon

**Trustee(s):**

Rod (PC) Danielson